UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V COLLINS,

          Plaintiff,

    v.                                                Case No. 23-cv-1313-bhl

TEAM MANAGEMENT LLC,

          Defendant.

## SCREENING ORDER

      On October 5, 2023, Plaintiff Shawanda V. Collins, proceeding *pro se*, filed a complaint against Defendant Team Management LLC. (ECF No. 1.) That same day, she filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2).

### THE MOVANT'S INDIGENCY

      Collins reports that she is not employed or married and receives $0 per month in wages or salary. (ECF No. 2 at 1–2.) Her only income is $200 per month in gifts. (*Id.* at 2.) She has no other assets. (*Id.* at 2–3.) Against this $200 monthly income, Collins reports total monthly expenses of $450. (*Id.* at 3.) On this record, Collins is sufficiently indigent to support a fee waiver.

### SCREENING THE COMPLAINT

      In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient

to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

In her complaint, Collins alleges that she "call[ed] 211 Impact for a long time," and "spoke to someone from Continuum of care over 10 times." (ECF No. 1 at 2.) Impact 211 appears to be a confidential, free hotline for residents of Southeastern Wisconsin to receive assistance in "regaining stability."[1] On June 26, 2023, Collins was provided with a referral to "Team Management Eighteen87 on Water as a housing option." (*Id.*) Team Management, an organization intended to provide housing to homeless individuals, processed applications for this address, the first step of which is "pre-screening." (*Id.* at 2, 4.) According to Collins, if an applicant survives pre-screening, Team Management invites them to apply via their website. (*Id.* at 2.) But if an applicant is screened out at this stage, "they never get to apply." (*Id.*) Individuals with felonies are screened out regardless of their type of application. (*Id.*)

Collins states that she "was discriminated against via Team Management's pre-screening process," and reports that she informed Team Management "that their pre-screening process was discriminatory." (*Id.*) She discovered Team Management's discriminatory process by completing

---

[1] *See* IMPACT 211, https://www.impactinc.org/impact-211/.

the pre-screening "several times on different days from June to August," using "different selections for the Felony question," and she "never received a call back." (*Id.*)  But, when she selected "no felony" in her "quest to find out why [she] was being denied," her pre-screening was approved, and she is now on the waiting list at Team Management. (*Id.* at 2–3.)  According to Collins, applicants under "section 42 or 402 … who have 'ever' had a felony" are screened out. (*Id.* at 3.)  Collins herself, who has a felony "over 20 years old," was thus denied housing at a Team Management location. (*Id.* at 2.)

Collins further states that she "was discriminated against based on Race and national origin via Team Management's pre-screening process," and her "protected class is Race and National origin." (*Id.* at 3.)  She seeks monetary relief for "punitive damages" and emotional distress. (*Id.* at 4.)  She asks that Team Management "be mandated to implement policies and practices to prevent future harm and ensure compliance" that "do not cause continuous hardship on the population the funding they received is intended to help." (*Id.*)  She also wishes Team Management "be ordered to provide housing in their section 42 or 402 funded properties to low income felons that have felon[ies] over 3 y[ea]rs old and the homeless population it is intended to help," "be ordered to devote ½ of all future housing and development projects (apartments) to low income felons and the homeless," and "be ordered to stop listing requirements on their website that are intended to deter the homeless from applying," like requiring "3 years of rental history."  Finally, she believes Team Management "should list all the alternative options that exist for individuals to receive housing." (*Id.*)

## ANALYSIS

As currently pleaded, Collins's complaint fails to state a claim upon which relief can be granted.  Under 42 U.S.C. § 1983, Collins can file a federal lawsuit if she has suffered a deprivation of her constitutional rights.  Section 1983 allows a Plaintiff to "hold a public official personally liable for misconduct under § 1983 upon satisfying two 'essential elements.'" *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022).  "First, the challenged conduct must have been 'committed by a person acting under color of state law.'" *Id.* (citing *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994)).  "Second, the state actor's conduct must have deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution' or federal law." *Id.* (quoting 42 U.S.C. § 1983).  Private corporations can be held liable under Section 1983 if "the constitutional violation

was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Ill. Dep't. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

Collins's complaint falls short of both essential elements of a Section 1983 claim. First, she fails to allege that Team Management acted under color of state law to deprive her of her rights. A "defendant acts 'under color of state law when he abuses the position given to him by the State.'" *DiDonato*, 24 F.4th at 1159–60 (quoting *West v. Atkins*, 487 U.S. 42, 49–50 (1988)). Collins's vague assertions that Team Management is given "funding" to serve the homeless population without more—in particular, where that funding comes from—does not satisfy Section 1983's color of state law requirement. (*See* ECF No. 1 at 4.) The law is clear that a defendant's mere receipt of state or federal funds, without more, does not make that person a state actor for purposes of Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

Second, Collins's assertion that Team Management's policy deprives her of her constitutional rights also falls short. The bulk of her complaint concerns her allegations that individuals with felonies are unfairly screened out of Team Management's application system. Collins may not like that policy, but it is not a constitutional violation. The Seventh Circuit has confirmed that "[f]elons are not yet a protected class." *United States v. McKenzie*, 99 F.3d 813, 817 (7th Cir. 1996) (quoting *Baer v. City of Wauwatosa*, 716 F.2d 1117, 1125 (7th Cir. 1983)). Accordingly, Collins allegation that Team Management is discriminating against felons is insufficient to state a claim.

Collins also generically asserts that Team Management discriminated against her based on her race or national origin. But those conclusory allegations are not supported by plausible factual allegations. Indeed, Collins' more specific allegations, that Team Management screens out felons, undercuts the plausibility of her general allegation of racial or national origin discrimination. Without factual allegations that would support an inference of improper discrimination, Collins' complaint fails to state a claim.

The Court will allow Collins the opportunity to file an amended complaint, clarifying her allegations and describing, if she can, plausible legal claims. If she decides to proceed with an amended complaint, she should explain how Team Management's policies or customs violated her rights. Collins is advised that her amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See*

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Collins's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that if Collins wishes to proceed with this lawsuit, she must file an amended complaint. The amended complaint should state more plainly the basis for Collins's claims, including facts that would support a finding that each defendant violated her rights and describing the injuries she suffered due to those violations. An amended complaint must be filed with the Court on or before **November 13, 2023**. If the Court does not receive Collins's amended complaint by that date, the case will be dismissed for Collins's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on October 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge