UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V COLLINS,

    Plaintiff,

 v.              Case No. 23-cv-1313-bhl

TEAM MANAGEMENT LLC,

    Defendant.

## ORDER

  On October 5, 2023, Plaintiff Shawanda V. Collins, proceeding *pro se*, filed a complaint against Defendant Team Management LLC. (ECF No. 1.) After an initial screening order, Collins filed an amended complaint on November 9, 2023, (ECF No. 5), and a "corrected" amended complaint on November 22, 2023, (ECF No. 8). The Court then allowed her to proceed with claims against Defendants Team Management LLC (Team Management) and Eighteen87 on Water LLC and Movin' Out Inc. (collectively, Movin' Out). (ECF No. 9.) Following a May 29, 2024 scheduling conference, the Court issued a scheduling order allowing Collins until June 14, 2024 to file a second amended complaint and setting a fact discovery cutoff of November 29, 2024, an expert discovery cutoff of January 31, 2025, and a dispositive motions deadline of February 28, 2025. (ECF No. 47.) Collins timely filed her second amended complaint on May 29, 2024, (ECF No. 48), and the parties appeared to be proceeding through discovery as planned. Since the fall, however, the case has become burdened with numerous motions, many of which have little merit and are largely irrelevant to the merits of the case.

  On October 7, 2024, Collins filed motions asking the Court to prohibit or limit the scope of Defendants' examination of her at her deposition. (ECF Nos. 52 & 53.) Among other things, she asked the Court to bar Defendants from asking about her past or current addresses on grounds that such questioning was irrelevant and that it could endanger her because she is a victim of domestic violence. (ECF No. 52 at 2–3.) On October 20, 2024, Collins filed a motion to compel, complaining that Defendant Movin' Out had improperly redacted large numbers of documents that

it produced in response to her discovery requests. (ECF No. 64 at 1–3.) Defendant Movin' Out responded, explaining that the documents contained sensitive third-party information and agreeing to produce the documents without the redactions subject to the entry of a protective order. (ECF No. 68 at 2–3.)

On November 4, 2024, the Court held a lengthy telephone hearing on the motions. (ECF No. 71.) Because Collins is representing herself, the Court took significant time explaining the discovery process and Collins's discovery obligations to her. (*See* ECF No. 76 at 2.) The Court noted that, having filed a federal lawsuit against Defendants, Collins had an obligation to sit for a deposition and to answer questions under oath related to her claims. (*Id.*) The Court also emphasized that a plaintiff does not get to decide what questions defendants may ask at her deposition or to unilaterally determine what facts are relevant to her case. (*Id.*) The Court indicated it understood the seriousness of Collins's domestic violence concerns and ordered that any questions regarding Collins's residence (including current and past addresses) should be asked in an attorneys-eyes-only fashion. (*Id.* at 3.) The Court also agreed to the entry of a protective order, over Collins's objection, and directed that any portion of the deposition transcript containing Collins's addresses later filed with the Court should be filed with restricted access. (*Id.*) In overruling Collins's objection to the protective order, the Court explained the general purposes of such an order, including the need to allow discovery while also protecting parties and third parties from having their private or confidential information disclosed unnecessarily. (*Id.* at 4.) The Court granted Collins's motion to compel unredacted documents, subject to the entry of the protective order. (*Id.* at 4–5.) At the end of the hearing, the Court emphasized its expectation that the parties would work together to complete discovery and avoid further disputes. (*Id.* at 5.)

The Court's hope for cooperation between the parties has proved to be in vain. Over the next two and a half months, the parties have filed more than a dozen motions. These motions, to the extent they have not been withdrawn, are addressed below.

**1. Collins's First Motion for Sanctions Against Defendant Movin' Out, ECF No. 87, Is Denied.**

On November 22, 2024, Collins filed a Local Rule 7(h) motion asking the Court to sanction Counsel for Defendant Movin' Out, Anthony Baish and Bailey Groh Rasmussen. (ECF No. 87.) Collins asserts that Baish violated the Court's discovery order by displaying her address on screen

in his client's presence during her deposition and "verbal[ly] assault[ed]" her. (*Id.* at 1.) She accuses Groh Rasmussen of perjuring herself in an affidavit to the Court. (*Id.* at 1–2.)

In response, Defendant Movin' Out admits that Baish displayed some of Collins's prior addresses in front of his clients but reports that the clients had prior knowledge of those addresses because the addresses were disclosed *before* the protective order was entered. It explains that the addresses at issue were provided by Collins in a 2023 application and in her initial disclosures; both sources that preceded and were not subject to the protective order. (ECF No. 93 at 2–3.) Defendant Movin' Out disputes Collins's contention that Baish verbally "assault[ed]" Collins, insisting he simply pushed back against her when she asserted privilege in an attempt to evade questioning relevant to her damages. (*Id.* at 3–4.) With respect to Collins's accusation that Groh Rasmussen submitted a false affidavit, Defendant Movin' Out explains there is nothing false in the sworn statement. It reports that the declaration accurately stated that Collins has used various addresses in publicly filed Wisconsin cases. (*Id.* at 4.)[1]

Collins's motion for sanctions will be denied. As to the displaying of addresses, the record confirms that Counsel did not violate the protective order. The addresses displayed were available to Counsel's clients *before* the protective order was put in place on November 5, 2024. To the extent that this was a violation of the agreement at the Court's telephone hearing, it was a technical violation at most and has not harmed Collins, because, as Defendant Movin' Out observes, this information was previously known to the clients, irrespective of the disclosure during the deposition. With respect to Baish's "verbal assault," Collins has alleged what amounts to, at most, aggressive lawyering. This is not a reason for sanctions. Baish has handled himself professionally before the Court in all hearings in this case and Collins has not shown that he has engaged in any conduct worthy of sanctions. As the Court already explained to Collins, Defendants are entitled to depose her given that she is the one who has hailed them into court. Litigation involving the serious accusations Collins is making is unlikely to be a pleasant experience. Nothing in the record supports an award of sanctions against Baish. Third, Groh Rasmussen's affidavit asserts that "Collins has used various addresses in recent, publicly filed Wisconsin cases." (ECF No. 57 at 2.) The Court has reviewed Wisconsin's public filing system for cases involving Collins. *See* Fed. R.

---

[1] Collins has moved for leave to file a reply, in which she insists that Groh Rasmussen lied in her affidavit because Collins has not filed any recent cases with addresses or "used those addresses recently." (ECF No. 95-1 at 2.) Collins's motion for leave to reply, ECF No. 95, is granted.

Evid. 201(b)–(c); *see also* Wis. Cir. Ct. Access, https://wcca.wicourts.gov/ (search for "Collins, Shawanda V."). Consistent with Groh Rasmussen's affidavit, online public records list various addresses for Collins over the past decade. Whether or not Collins was the plaintiff or the defendant in those cases does not make Groh Rasmussen's statement false.

### 2. Collins's Second Motion for Sanctions Against Defendant Movin' Out, ECF No. 96, Is Denied Without Prejudice.

On December 9, 2024, Collins filed a second motion for sanctions against Defendant Movin' Out. (ECF No. 96.) She asserts that Defendant Movin' Out failed to produce the unredacted documents as ordered during the November 4 hearing. (*Id.*) In response, Defendant Movin' Out explains that, during a meet-and-confer on November 14, 2024, Collins requested unredacted documents from the other defendant, Defendant Team Management, but not from Defendant Movin' Out. (ECF No. 97 at 1.) Because Collins did not request unredacted documents from Defendant Movin' Out during the meet-and-confer, Defendant Movin' Out believed it had fulfilled its discovery obligations, and, until Collins filed her motion, Defendant Movin' Out was under the impression Collins did not want unredacted documents from its production. (*Id.*) Defendant Movin' Out promised to promptly produce the documents at issue. (*Id.* at 2.) Given Defendant Movin' Out's assertion it will provide Collins with the requested discovery, Collins's motion will be denied without prejudice.[2] Should Movin' Out fail to comply by the close of discovery on January 31, 2025, she may renew her motion.

### 3. Collins's Motions to Suppress Her Deposition Testimony, ECF Nos. 104–05, Are Denied, But Her Motion to Seal, ECF No. 103, Is Granted.

On December 30, 2024, Collins filed two motions for the "suppression" of her deposition testimony, and a motion asking the Court to seal the transcripts from her deposition. (ECF Nos. 103–05.) Collings contends her deposition should be suppressed because (1) the Court reporter asked what Collins had said, and an attorney replied to the question; (2) Collins was asked to read exhibits out loud, which was not her testimony; and (3) she was continually asked questions that had already been answered. (ECF Nos. 104–05.) Collins's request to suppress her deposition

---

[2] On December 11, 2024, Collins filed a motion for leave to file a response brief. (ECF No. 99.) As she filed her initial motion for sanctions, ECF No. 96, as a standard motion, she is entitled to file a reply brief. *See* Civ. L.R. 7. Accordingly, this motion is denied as moot.

testimony will be denied.³ As an initial matter, Collins should understand that she has filed a civil case against Defendants and that this is not a criminal proceeding. While evidence might be suppressed in a criminal case, there is no such thing as suppression of a deposition in a civil case. Moreover, as the Court has previously explained to Collins, Defendants are entitled to take her deposition. She hailed Defendants into court, and they have the right to defend themselves. Collins does not get to override their rights because of her perceived slights. Finally, any challenge to the Court's consideration of her deposition testimony is not ripe because, to date, Defendants have not filed any part of the transcript with the Court. If Defendants rely upon her deposition testimony in the future, and Collins has some objection to it, she may raise her objection then.

With her suppression motions, Collins filed the transcripts from her deposition in their entirety along with an audio recording of the deposition. Her third motion seeks permission to file these exhibits under seal. (ECF No. 103.) Though a motion was unnecessary, given the protective order in place, the Court will grant the motion. Collins is warned, however, that, in the future, if she seeks to bring the Court's attention to some aspect of her deposition, she should not file the entire transcript. She should file only those portions that are relevant to the case and the argument she is making and provide citations directing the Court to the specific passages she believes are relevant. Filing the entire transcript, without specific citations, wastes the Court's time, and it is not the Court's job to comb through the record for her, searching for arguments. *See Friedel v. City of Madison*, 832 F.2d 965, 969 (7th Cir. 1987).

### 4. Collins's Third Motion for Sanctions Against Defendant Movin' Out, ECF No. 106, Is Denied.

Collins filed yet another motion for sanctions against Defendant Movin' Out on December 30, 2024. (ECF No. 106.) This motion reiterates her previous complaints about Defendant Movin' Out's counsel's conduct during her deposition and in filing an affidavit with the Court. (*See id.*) This motion will be denied for the reasons previously discussed.⁴

---

³ On January 20, 2025, Collins filed a motion for leave to file a consolidated reply brief. (ECF No. 117.) As she filed her initial motions to suppress, ECF Nos. 104–05, as standard motions, she is entitled to file a reply brief. *See* Civ. L.R. 7. Accordingly, this motion is denied as moot.

⁴ On January 10, 2025, Collins also filed a motion for leave to file a response brief. (ECF No. 115.) As she filed her initial motion for sanctions, ECF No. 106, as a standard motion, she is entitled to file a reply brief. *See* Civ. L.R. 7. Accordingly, this motion is denied as moot.

5. **Defendants' Joint Motion for Relief, ECF No. 100, Is Denied Without Prejudice. Should Collins Continue to Unduly Burden the Court, Defendants May Renew Their Motion.**

Amidst Collins's surge of filings, on December 17, 2024, Defendants Team Management and Movin' Out filed a joint motion for relief. (ECF No. 100.) In it, they point to Collins's many motion filings and ask that they be relieved of any duty to respond unless and until the Court orders them to do so. (ECF No. 101.) The Court sympathizes with the time Defendants have been required to spend responding to Collins's filings, some of which were duplicative and others plainly lacking in merit. But at this point, the Defendants' motion will be denied. Defendants are under no obligation to respond if they believe their adversary has filed an obviously meritless motion. Whether they choose to file a response is up to them. The Court will, however, caution Collins not to continue making unnecessary filings. This case involves only three parties and is relatively straight-forward. Yet, even though the parties have not completed discovery, the docket shows more than 100 entries! Many of these filings are unnecessary and waste both the Court's and the parties' time. Excessive, unnecessary filings create confusion and interfere with the ability of the Court and the parties "to secure the just, speedy, and inexpensive determination" of the action. *See* Fed. R. Civ. P. 1. Collins's motions serve only to delay her own case and rack up costs. Should Collins continue to unduly burden the Court, Defendants Team Management and Movin' Out may renew their motion, and the Court will consider sanctions. *See Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024) ("Rule 11 sanctions . . . are designed to deter baseless filings.").

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Rule 7(h) Motion for Sanctions, ECF No. 87, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to file a Reply, ECF No. 95, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions, ECF No. 96, is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Joint Motion for Relief, ECF No. 100, is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Exhibits Under Seal, ECF No. 103, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Suppress the Depositions, ECF Nos. 104 & 105, are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Show Cause, ECF No. 106, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to File a Reply, ECF Nos. 99, 115 & 117, are **DENIED as moot.**

Dated at Milwaukee, Wisconsin on January 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge