UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V COLLINS,

                Plaintiff,

                                                Case No. 23-cv-1313-bhl

    v.

TEAM MANAGEMENT LLC,

                Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

        Plaintiff Shawanda V. Collins is representing herself in this case, which involves alleged racial discrimination in violation of the Fair Housing Act, 42 U.S.C. §3604. On January 24, 2025, the Court issued an order resolving a number of pending motions, including the denial of two motions Collins filed seeking sanctions Defendants Eighteen87 on Water LLC and Movin' Out Inc (collectively, Movin' Out) and their counsel. (ECF No. 118 at 6–7.) On January 27, 2025, Collins filed a motion for reconsideration as to her previous motions for sanctions, ECF Nos. 87 and 106. (ECF No. 120.) The Court will deny the motion.

        Under Fed. R. Civ. P. 60(b), a party may obtain relief from an order for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Bd. of Sch. Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted). Collins fails to satisfy any of the grounds articulated in Rule 60(b). She mainly rehashes her initial arguments. (ECF No. 120 at 1–4.) But Collins's disagreement with the Court's decision does not rise to the level of "exceptional circumstances" or warrant Rule 60(b) relief.

        Beyond indicating her disagreement with the Court's ruling, Collins accuses the Court of being biased against her because she is a "Pro Se litigant[]" and a "Plaintiff[] of color." (ECF No. 120 at 4.) This is a serious allegation, and it is utterly without merit. As the record shows and Collins herself acknowledges, the Court has taken significant time in this case to explain the

litigation process to her. (*Id.*) If anything, the Court's rulings have been tempered in Collins's favor given her *pro se* status. Her race is irrelevant except to the extent she is seeking to prove that Defendants discriminated against her based on her race. The Court has ruled on every pending motion before it based on the merits and the arguments presented. At no point has Collins's status as a *pro se* plaintiff of color played a role in the Court's decisions. The Court has a duty to ensure these proceedings are fair and just to *all parties*. Collins may believe that "fair" and "just" equal her winning every motion she files, but that is not the case. Collins is warned that she needs to respect the Court and its rulings, even if she disagrees. As the Court warned her in its prior ruling, Collins should focus on proving the merits of her claims and not clutter the docket with unnecessary filings. (ECF No. 118 at 6.) If Collins continues to ignore the Court's warnings, she may be subject to sanctions, which could include a monetary fine or the dismissal of her case. *See United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants *willing to follow court orders*." (emphasis added)); *see also Omegbu v. Milwaukee County*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008) (warning *pro se* plaintiff that continued repetitive filings "may result in the imposition of sanctions, up to and *including dismissal of this action with prejudice*" (emphasis added)).

Accordingly,

**IT IS HEREBY ORDERED** that Collins's motion for reconsideration, ECF No. 120, is **DENIED.**

Dated at Milwaukee, Wisconsin on January 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge