UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V COLLINS,

        Plaintiff,

v.

                                  Case No. 23-cv-1313-bhl

TEAM MANAGEMENT LLC,

        Defendant.

## ORDER ON MOTIONS TO SEAL

On October 5, 2023, Plaintiff Shawanda V. Collins, proceeding *pro se*, filed a complaint against Defendant Team Management LLC. (ECF No. 1.) After an initial screening order and two amended complaints, the Court allowed her to proceed with claims against Defendants Team Management LLC (Team Management) and Eighteen87 on Water LLC and Movin' Out Inc. (collectively, Movin' Out). (ECF Nos. 4, 5, 8, 9.) On November 5, 2024, the Court entered a protective order to alleviate Collins's concerns about revealing her current residence. (ECF Nos. 71, 76, 77.) The case has since completed discovery and summary judgment motions are pending. (ECF Nos. 47, 131, 137.) Both Collins and Team Management have also moved to seal documents that support their summary judgment arguments. (ECF Nos. 149 & 162.)

Documents filed with the court are presumptively open to the public, even if the parties "strongly prefer secrecy." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Motions to seal must be supported by facts demonstrating good cause. Civ. L. R. 79(d)(3). In Collins's motion to seal, she explains that the Defendants do not oppose her motion and that the documents filed "contain sensitive information." (ECF No. 149.) This is insufficient to meet the good cause standard. The parties' agreement to seal does not support good cause. *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546–47 (7th Cir. 2002). And the entry of a protective order is similarly insufficient to grant a motion to seal. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The Court will therefore deny Collins's motion without prejudice and allow her another opportunity to explain good cause. The documents will remain sealed for the time

being, and Collins will have 14 days from the date of this order to file another motion explaining in general terms what the sensitive information is and why it needs to be sealed. If she does not file another motion, the filings will be unsealed.

Team Management's motion explains that good cause exists because the documents filed contain Collins's address which is protected due to domestic violence concerns. (ECF No. 162.) The Court finds that good cause exists to support Team Management's motion and will therefore grant it.

Accordingly,

**IT IS HEREBY ORDERED** that Collins's motion to seal, ECF No. 149, is **DENIED without prejudice**. Collins is directed to file another motion to seal within fourteen (14) days explaining why good cause exists to seal the documents. If Collins does not file another motion by the deadline, the documents will be unsealed.

**IT IS FURTHER ORDERED** that Team Management's motion to seal, ECF No. 162, is **GRANTED**.

Dated at Milwaukee, Wisconsin on June 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
